**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MED EFFECTS, LLC, an Arizona limited liability company,

Plaintiff,

v.

UNITED HEALTH GROUP AND ASSOCIATES LLC, a Florida limited liability company,

Defendant.

Case No.

Hon.

---

Steven J. Kustra (P79002)
Jeffrey M. Bloom (P72343)
Kustra & Bloom PLC
Attorneys for Plaintiff
21002 Mack Avenue
Grosse Pointe Woods, MI 48236
(313) 586-4444
skustra@kustrabloom.com
jbloom@kustrabloom.com

---

## COMPLAINT

NOW COMES Plaintiff MED EFFECTS, LLC ("Plaintiff"), by and through its attorneys, KUSTRA & BLOOM PLC, and for its Complaint against Defendant UNITED HEALTH GROUP AND ASSOCIATES LLC ("Defendant"), states as follows:

## NATURE OF ACTION

1. This is a commercial collection action arising from Defendant United Health Group and Associates LLC's ordering, acceptance, retention, and use of wound-care products supplied by Plaintiff pursuant to a written Master Sales & Pricing Agreement and the orders, invoices, and account statements issued under it.

2. Between January and February 2026, Defendant ordered and accepted products reflected on four invoices totaling $71,618.40. Every one of those invoices is more than ninety (90) days past the due date on it, and Defendant has not paid any portion of them.

3. Despite repeated written demands, including a formal pre-suit demand from Plaintiff's counsel, Defendant has failed and refused to pay. Plaintiff seeks the unpaid contract price, contractual interest, attorneys' fees, collection costs, and all other relief available under the parties' agreement and Michigan law.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff MED EFFECTS, LLC (styled "MedEffects, LLC" in the parties' agreement) is an Arizona limited liability company with its principal place of business and operational headquarters in Oakland County, Michigan. Plaintiff conducts substantially all of its business operations from Michigan.

5. For purposes of diversity jurisdiction, Plaintiff is a citizen of every state of which its members are citizens. Plaintiff's sole member is Kenneth Peterson, who

is domiciled in, and a citizen of, the State of Michigan. None of Plaintiff's members is a citizen of Florida.

6. Defendant United Health Group and Associates LLC ("Defendant") is a Florida limited liability company with its principal place of business located at 6001 Vineland Road, Suite 112, Orlando, Florida 32819.

7. Upon information and belief, Defendant's members are Elise E. Barthelemy and Joseph N. Barthelemy, each of whom is domiciled in, and is a citizen of, the State of Florida. Defendant is therefore a citizen of Florida for purposes of 28 U.S.C. § 1332

8. The amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00), including because Defendant is liable for the full contract price of the products and for the attorneys' fees and collection costs that the Agreement requires Defendant to pay.

9. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court may exercise limited personal jurisdiction over Defendant pursuant to MCL 600.715(1) because Defendant transacted business within Michigan, and Plaintiff's claims arise out of that business. Among other things, Defendant entered into a continuing supply agreement with a Michigan-based

company; agreed that the agreement would be governed by Michigan law; transmitted repeated orders to Plaintiff, which were received and processed in Michigan; communicated with Plaintiff's Michigan-based personnel regarding its account, product fulfillment, and payment; received invoices and account statements generated and administered from Michigan; and was obligated to remit payment to Plaintiff in Michigan.

11. The exercise of personal jurisdiction over Defendant comports with due process. Defendant purposefully availed itself of the privilege of doing business in Michigan by knowingly entering into an ongoing commercial relationship with a Michigan-based supplier, accepting a Michigan choice-of-law provision, and placing repeated orders that created continuing payment obligations owed to Plaintiff in Michigan. Plaintiff's claims arise directly from those contacts, and Defendant could reasonably anticipate being haled into court in Michigan to answer for its failure to pay.

12. The parties' agreement expressly provides that it is governed by the laws of the State of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including contract administration, order receipt and processing,

invoicing, account management, collection activities, and the place where Defendant's payment obligations were to be performed.

## GENERAL ALLEGATIONS

### A. The Parties and the Agreement

14. Plaintiff is a distributor of medical products, including wound-care products, that sells and delivers tangible goods to healthcare providers across the United States.

15. Plaintiff's order processing, invoicing, account administration, customer support, and collection activities are conducted from Michigan

16. Defendant United Health Group and Associates LLC is a medical practice located in Orlando, Florida, and a customer of Plaintiff Med Effects, LLC.

17. On or about October 4, 2025, Plaintiff and Defendant entered into a Master Sales & Pricing Agreement for Quarter 4 2025 (the "Agreement"), which identifies Defendant as "United Health Group & Associates LLC." **Exhibit 1.**

18. Joseph Barthelemy, Defendant's owner and authorized representative, signed the Agreement and initialed its attached pricing schedules for Defendant United Health Group and Associates LLC.

19. Defendant executed the Agreement with knowledge that Plaintiff's business operations, contract administration, invoicing, and collection activities were conducted from Michigan.

20. Section 1 of the Agreement provides that the Agreement applies to all products distributed by Plaintiff, that product-specific pricing is set forth in Schedule A and updated quarterly, the Defendant acknowledges each quarter's pricing by signing the relevant Schedule A, and that no pricing change applies without Defendant's written consent.

21. Section 2 of the Agreement further provides that Defendant is responsible for all material once sealed packages are opened, regardless of use.

22. Section 3 of the Agreement provides standard payment terms of net forty-five (45) days from the invoice date. Late payments accrue interest at the rate of one and one-half percent (1.5%) per month or the maximum allowable by law.

23. Pursuant to the Agreement, Defendant "agrees to cover all reasonable collection fees and legal costs for past-due accounts."

**B. Defendant Orders, Receives, and Accepts the Products**

24. Between January 2026 and February 2026, Defendant ordered wound-care products from Plaintiff under the Agreement.

25. Upon information, knowledge and belief before ordering the products at issues, Defendant used Plaintiff's IVR process and recovered positive coverage determinations for the patients for whom the products were ordered.

26. Plaintiff accepted Defendant's orders and caused the ordered products to be delivered to Defendant's designated location in Orlando, Florida.

27. Defendant received, accepted, and retained the products delivered by Plaintiff.

28. Defendant did not reject the products, did not revoke its acceptance of the products, and did not return the products.

29. Defendant has never asserted that any of the products supplied by Plaintiff were defective or otherwise nonconforming.

30. Upon, information, knowledge, and belief Defendant opened and used the products in the treatment of its patients, submitted claims to Medicare and/or third-party payers for the products and related services, and received insurance proceeds relating to the invoiced products.

31. Upon information, knowledge, and belief, Defendant used the products in the treatment of its patients and submitted claims to third-party payers for the products and related services.

32. All conditions precedent to Defendant's obligation to pay for the products have occurred, have been performed, or have been waived or excused.

**C. The Invoices and the Unpaid Balance**

33. Plaintiff issued invoices to Defendant for the products consistent with the Agreement, including the following invoices, true and correct copies of which are attached as **Exhibit 2** (the "Invoices"):

| Invoice No. | Invoice Date | Due Date | Unpaid Amount |
|---|---|---|---|
| 1730 | 01/19/2026 | 03/05/2026 | $10,231.20 |
| 1731 | 01/26/2026 | 03/12/2026 | $10,231.20 |
| 1732 | 03/21/2026 | 03/21/2026 | $34,104.00 |
| 1733 | 02/16/2026 | 04/02/2026 | $17.052.00 |
| **TOTAL** | | | **$71,618.40** |

34. Each Invoice states a due forty-five (45) days after its invoice date, consistent with the Agreement's standard net-45 terms, and those stated due dates fall between March 5,2026 and April 2, 2026.

35. Plaintiff has on multiple occasions demanded payment from Defendant, including by email dated July 28, 2026, enclosing Plaintiff's account statement. On August 12, 2026, Plaintiff's counsel sent Defendant a written demand for payment of the past-due balance and accrued contractual interest by August 24, 2026. **Exhibit 3**, Demand Letter.

36. Defendant has not paid any portion of any Invoice. The entire principal balance of $71,618.40 is past due and remains unpaid.

37. As of October 7, 2026, contractual interest in the amount of $7,187.42 has accrued on the unpaid balance, calculated from the due date stated on each Invoice, and interest continues to accrue at the rate of $35.81 per day.

38. Defendant has never disputed the amount of the Invoices, the delivery of the products, the pricing reflected on the Invoices, or the applicability of the Agreement, including its interest provision.

39. As of October 7, 2026, Defendant owes Plaintiff not less than $78,805.82, consisting of $71,618.40 in unpaid principal and $7,184.42 in accrued contractual interest, exclusive of continuing interest, collection fees, attorneys' fees, and costs.

## COUNT I — BREACH OF CONTRACT

40. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

41. The Agreement and the orders placed under it constitute valid and binding contracts between Plaintiff and Defendant, supported by adequate consideration.

42. Plaintiff performed all of its obligations under the contracts by accepting Defendant's orders and delivering the ordered products.

43. Defendant materially breached the contracts by failing to pay each Invoice when due, and by failing to pay the Invoices at any time thereafter.

44. By failing to pay timely, Defendant forfeited any entitlement to the conditional prompt-payment discount under the Agreement and became liable for contractual interest at the rate of 1.5% per month and for all reasonable collection fees and legal costs under Section 3 of the Agreement.

45. Defendant's payment obligations under the Agreement are not conditioned on third-party reimbursement, and no reimbursement issue excuses Defendant's breach.

46. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages consisting of the unpaid contract price, accrued contractual interest, continuing contractual interest, collection fees, attorneys' fees, and costs, in an amount to be proven at trial but not less than $78,805.82 as of October 7, 2026, exclusive of continuing interest and recoverable fees and costs.

**COUNT II — ACTION FOR THE PRICE**
**(UCC Sale of Goods)**

47. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

48. The Agreement and the orders placed under it are contracts for the sale of goods governed by Article 2 of the Michigan Uniform Commercial Code, MCL 440.2101 *et seq*.

49. The wound-care products supplied by Plaintiff are movable, tangible things and constitute "goods" within the meaning of MCL 440.2105(1).

50. Plaintiff tendered and delivered the goods ordered by Defendant.

51. Defendant accepted and retained the goods.

52. Defendant failed to pay the contract price for all goods accepted.

53. Defendant failed to pay the price of the accepted goods as it became due, which is not less than $71618.40, together with any incidental damages under MCL 440.2710, contractual interest, attorneys' fees, collection costs, and all other relief provided by the Agreement and applicable law.

## COUNT III — ACCOUNT STATED

54. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

55. At Defendant's request, Plaintiff sold and delivered goods to Defendant on account and on Defendant's promise to pay for them.

56. Plaintiff rendered to Defendant the Invoices and account statements reflecting the amounts due.

57. Defendant received and retained the Invoices and account statements and failed to object to the charges reflected in them within a reasonable time, thereby assenting to the correctness of the stated balance.

58. Defendant has not paid the balance owed on the account despite Plaintiff's demands for payment.

59. An Affidavit of Account executed by Plaintiff's custodian of records, verifying the balance due on the account, is attached as **Exhibit 4** pursuant to MCL 600.2145, together with a sworn copy of the account.

60. Defendant is indebted to Plaintiff on the account stated in the amount of not less than $71,618.40, together with contractual interest, attorneys' fees, collection costs, and taxable costs.

**COUNT IV — OPEN ACCOUNT**

61. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

62. Plaintiff and Defendant maintained a commercial account under which Plaintiff supplied products to Defendant on credit and Defendant incurred charges for those products.

63. Plaintiff maintained, in the regular course of its business, a record of all products supplied, invoices issued, credits applied, and payments received on the account.

64. An Affidavit of Account executed by Plaintiff's custodian of records, verifying the balance due on the account, is attached as **Exhibit 4**, together with a sworn copy of the account.

65. Defendant owes Plaintiff the balance reflected on Plaintiff's books and records, which is not less than $71,618.40, together with contractual interest, attorneys' fees, collection costs, and taxable costs.

## COUNT V — UNJUST ENRICHMENT / QUANTUM MERUIT (Pleaded in the Alternative to Counts I and II)

66. This Count is pleaded in the alternative pursuant, and only in the event that the Agreement, or any portion of it, is determined to be invalid, unenforceable, or inapplicable to some or all of the transactions at issue.

67. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

68. Plaintiff conferred a benefit on Defendant by supplying the wound-care products that Defendant ordered.

69. Defendant knowingly received, accepted, and retained the products, and, upon information, knowledge, and belief, used the products in the treatment of its patients and sought or obtained payment from third-party payers for the products and related services.

70. Defendant accepted and retained the benefit of the products under circumstances in which Defendant knew, or reasonably should have known, that Plaintiff expected to be paid.

71. Defendant's retention of the benefit of the products was at Plaintiff's expense, and Defendant has been enriched by that benefit.

72. It would be inequitable and unjust for Defendant to retain the benefit of the products without compensating Plaintiff.

73. The reasonable value of the products supplied by Plaintiff is reflected in the parties' pricing schedules, the Invoices, and Plaintiff's account records, and is not less than $71.618.40.

74. To the extent no enforceable contract governs some or all of the transactions at issue, Plaintiff is entitled to recover from Defendant the reasonable value of the benefit conferred, together with interest, costs, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MED EFFECTS, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendant UNITED HEALTH GROUP AND ASSOCIATES LLC., and:

A. Award Plaintiff damages in an amount to be determined at trial, but not less than $78,805.82 as of October 7, 2026, consisting of the unpaid principal balance of $71,618.40 and accrued contractual interest of $7,184.42;

B. Award continuing contractual interest at the rate of one and one-half percent (1.5%) per month ($35.81 per day) from October 8, 2026, until the date of judgment, together with prejudgment interest as provided by the Agreement and MCL 600.6013;

C. Award Plaintiff its reasonable attorneys' fees, collection fees, and legal costs pursuant to Section 3 of the Agreement;

D. Award Plaintiff its taxable costs;

E. Award post-judgment interest as allowed by law; and

F. Grant such other and further relief as this Court deems just and proper.

Date: November 17, 2026

Respectfully submitted,

KUSTRA & BLOOM PLC

/s/ Steven J. Kustra
BY: Steven J. Kustra (P79002)
Jeffrey M. Bloom (P72343)
Attorneys for Plaintiff
21002 Mack Avenue
Grosse Pointe Woods, MI 48236
(313) 586-4444
skustra@kustrabloom.com
jbloom@kustrabloom.com

# INDEX OF EXHIBITS TO COMPLAINT

| Exhibit | Description |
|---|---|
| Exhibit 1 | MedEffects, LLC Master Sales & Pricing Agreement, executed by Plaintiff on October 3, 2025, and by Defendant on October 4, 2025, with Schedule A product pricing pages and electronic signature audit report |
| Exhibit 2 | Invoice Nos. 1730, 1731, 1732, and 1733 |
| Exhibit 3 | Demand letter from Kustra & Bloom PLC to Defendant dated August 12, 2026 |
| Exhibit 4 | Affidavit of Account of Plaintiff's Custodian of Records, with sworn copy of the account (Statement No. 1324 dated July 28, 2026) |

# Exhibit 1

**MedEffects, LLC — Master Sales & Pricing Agreement**
**Quarter 4 2025**

Effective Date: [the date signed below]

This Master Agreement ("Agreement") is entered into between MedEffects, LLC, a Michigan limited liability company ("MedEffects") also known as ("Distributor"), and the below-signed healthcare provider or practice ("Customer").

## 1. Covered Products & Pricing

This Agreement applies to all MedEffects distributed products. Product-specific pricing is detailed in Schedule A, updated quarterly. Customer acknowledges each quarter's pricing via signature on the relevant Schedule A. No pricing change can apply without the Customer's written consent.

## 2. Orders, Fulfillment & Usage

- Customer agrees to use MedEffects' Insurance Verification Request (IVR) process prior to product use for any products ordered from Med Effects.
- Once a positive coverage determination is received, Customer may submit orders.
- MedEffects will ship products directly to Customer's designated location.
- Product use is at the sole discretion of the treating physician as well as all medical decision making.
- Customer acknowledges they are responsible for all material once sealed packages are **opened** regardless of use. Customer shall not be liable for unused Product unless Distributor has made a timely written request for return and Customer fails to comply.

## 3. Payment Terms

- Standard terms: Net 45 days from invoice date.
- Notwithstanding the foregoing, Customer's obligation to make payment shall be contingent upon Customer's receipt of corresponding insurance proceeds relating to the invoiced Product(s). Payment shall be due within forty-five (45) days after Customer's actual receipt of such proceeds. In the event no insurance proceeds are received, Customer shall have no obligation to make payment for the applicable Product(s).
- Late payments accrue 1.5% monthly interest (or maximum allowable by law).
- Customer agrees to cover all reasonable collection fees and legal costs for past-due accounts.

## 4. Discounts & Reporting

- If Customer completes payment to MedEffects in full within 45 days after receipt of Customer's receipt of proceeds, Customer will qualify for a discount of **<u>50%</u>** of the List Price, as detailed in Schedule A.
- Discounts or pricing adjustments must be disclosed on any claims or reports submitted to Medicare, Medicaid, or other payers in accordance with federal law (42 USC 1320a-7b(b)(3)(A); 42 CFR 1001.952(h)).
- Customer is responsible for proper reporting of discounts and retention of documentation.

## 5. IVR Assurance Policy

MedEffects offers limited reimbursement assurance under the following terms:

If a claim is denied after MedEffects provides a written positive IVR, and the denial is caused by an error in communication from our team, Customer may receive a credit for the product, provided:

- Complete and accurate IVR info was submitted (wound type, size, place of service).
- Customer confirmed Medicare Part B/LTC status prior to treatment.
- Product was purchased directly from MedEffects.
- MedEffects participated in the appeal.
- Denial must be due to MedEffects' error, and all the following must be submitted:
    - Completed claim form
    - Level 1 and 2 denial letters
    - Explanation of Benefits (EOB)
    - Medical records/history
    - Patient information sheet
    - Product invoice

Note: Customer may not seek payment from the patient for balances covered under this policy.

## 6. Term & Termination

This Agreement remains in effect unless terminated by either party in writing. MedEffects may suspend fulfillment for non-payment or policy violations.

## 7. General Provisions

- Assignment: Not permitted without written approval.
- Governing Law: This Agreement is governed by the laws of Michigan.
- Entire Agreement: This document, with attached schedules, represents the full agreement.
- Electronic Signature: This Agreement may be signed electronically and submitted digitally.
- Not for Resale: Customer agrees not to resell MedEffects products.

### 8. Acknowledgment

Customer affirms understanding of all terms, and that they have received and agree to the current pricing in Schedule A.

## Customer Information

Provider/Practice Name: UNITED HEALTH GROUP & ASSOCIATES LLC

Authorized Representative Name: Joseph Barthelemy

Title: owner

Signature: Joseph Barthelemy (Oct 4, 2025 10:36:57 EDT)

Email: josephneptune@yahoo.com

Date: 10/04/25

## Distributor

MedEffects, LLC

Ken Peterson

President

Signature: Ken Peterson (Oct 3, 2025 05:18:27 EDT)

Date: 10/03/25

[Attach: Schedule A – Product Pricing]

MedEffects LLC

## Schedule A: AmchoPlast (Q4316) Q4 2025 Pricing

ASP: $ 4,227.96
Rounded: 4228.00

Cost per 1 sq cm:
$2,114 (50% discount)

AmchoPlast™

CELLUTION BIOLOGICS

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 2x2 | 4 | $4,228 | $16,912 | $8,456 |
| 2x3 | 6 | $4,228 | $25,368 | $12,684 |
| 2x4 | 8 | $4,228 | $33,824 | $16,912 |
| 2x6 | 12 | $4,428 | $50,736 | $25,368 |
| 3x3 | 9 | $4,228 | $38,052 | $19,026 |
| 3x5 | 15 | $4,228 | $63,420 | $31,710 |
| 4x4 | 16 | $4,228 | $67,648 | $33,824 |
| 4x6 | 20 | $4,228 | $84,560 | $42,280 |
| 4x7 | 28 | $4,228 | $118,384 | $59,192 |
| 4x8 | 32 | $4,228 | $135,296 | $67,648 |
| 5x5 | 25 | $4,228 | $105,700 | $52,850 |
| 6x8 | 48 | $4,228 | $169,120 | $101,472 |
| 6x12 | 72 | $4,228 | $304,416 | $152,208 |
| 7x7 | 49 | $4,228 | $207,172 | $103,586 |
| 10x10 | 100 | $4,228 | $422,800 | $211,400 |
| 10x20 | 200 | $4,228 | $845,600 | $422,800 |
| 20x20 | 400 | $4,228 | $1,691,200 | $845,600 |

INITIALS JB ____________

Schedule A: Tri-Membrane Wrap (Q4344) Q4 2025 Pricing

ASP: $3,574.386
Rounded: $3574

Cost per 1 sq cm:
$1,787 (50% discount)

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 2x2 | 4 | $3,574 | $14,296 | $7,148 |
| 2x3 | 6 | $3,574 | $21,444 | $10,722 |
| 4x4 | 16 | $3,574 | $57,184 | $28,592 |
| 4x6 | 20 | $3,574 | $71,480 | $35,740 |
| 4x8 | 32 | $3,574 | $114,368 | $57,184 |

INITIALS: ___________

MED EFFECTS LLC

# Schedule A: Dermabind fm (Q4313) Q4 2025 Pricing

ASP: $3,312.52
Rounded: $3,312

Cost per 1 sq cm:
$1,656 (50% discount)

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 2x2 | 4 | $3,312 | $13,248 | $6,624 |
| 3x3 | 9 | $3,312 | $29,808 | $14,904 |
| 4x4 | 16 | $3,312 | $52,992 | $26,496 |
| 6.5x6.5 | 43 | $3,312 | $142,416 | $71,208 |

DermaBind

INITIALS: JB

ASP: $2,979.56
Rounded: $2980

Cost per 1 sq cm:
$1,490 (50% discount)

## Schedule A: AmnioAMP-MP (Q4250) Q4 2025 Pricing

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 2x2 | 4 | $2,980 | $11,920 | $5,960 |
| 2x3 | 6 | $2,980 | $17,880 | $8,940 |
| 2x4 | 8 | $2,980 | $23,840 | $11,920 |
| 4x4 | 16 | $2,980 | $47,680 | $23,840 |
| 4x8 | 32 | $2,980 | $95,360 | $47,680 |

INITIALS: JB ______________________

MedEffects LLC

## Schedule A: Esano ACA (Q4275) Q4 2025 Pricing

ASP: $2,707.30
Rounded: $2,707

Cost per 1 sq cm:
$1,353.50 (50% discount)

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 2x2 | 4 | $2,707 | $10,828 | $5,414 |
| 2x3 | 6 | $2,707 | $16,242 | $8,121 |
| 4x4 | 16 | $2,707 | $43,312 | $21,656 |
| 4x6 | 20 | $2,707 | $54,140 | $27,070 |
| 4x8 | 32 | $2,707 | $86,624 | $43,312 |
| 10x10 | 100 | $2,707 | $270,700 | $135,000 |
| 10x20 | 200 | $2,707 | $541,400 | $270,700 |

Esano™ ACA

INITIALS: JB ______________________

chedule A: Membrane Wrap - Hydro (Q4290) Q4 2025 Pricing

ASP: $1,867
Rounded: $1,867

Cost per 1 sq cm:
$933.50 (50% discount)

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 2x2 | 4 | $1,867 | $7,468 | $3,734 |
| 2x3 | 6 | $1,867 | $11,202 | $5,601 |
| 4x4 | 16 | $1,867 | $29,872 | $14,936 |
| 4x6 | 20 | $1,867 | $37,340 | $18,670 |
| 4x8 | 32 | $1,867 | $59,744 | $29,872 |
| 6x8 | 40 | $1,867 | $74,680 | $37,340 |
| 10x10 | 100 | $1,867 | $186,700 | $93,350 |

INITIALS: ______________________

# Schedule A: Membrane Wrap (Q4205) Q4 2025 Pricing

ASP: $1,237.28
Rounded: $1,237

Cost per 1 sq cm:
$618.50 (50% discount)

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 1x1 | 1 | $1,237 | $1,237 | $618.50 |
| 2x2 | 4 | $1,237 | $4,948 | $2,474 |
| 2x3 | 6 | $1,237 | $7,422 | $3,711 |
| 4x4 | 16 | $1,237 | $19,792 | $9,896 |
| 4x6 | 20 | $1,237 | $24,740 | $12,370 |
| 4x8 | 32 | $1,237 | $39,584 | $19,792 |
| 6x8 | 40 | $1,237 | $49,480 | $24,920 |
| 10x10 | 100 | $1,237 | $123,700 | $61,850 |

INITIALS: JB ______________

MEDEFFECTS LLC

# Schedule A: Revoshield+ amnio (Q4289) Q4 2025 Pricing

ASP: $1,523.04
Rounded: $1,523

Cost per 1 sq cm:
$761.50 (50% discount)

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 2x2 | 4 | $1,523 | $6,092 | $3,046 |
| 2x3 | 6 | $1,523 | $9,138 | $4,569 |
| 3x4 | 12 | $1,523 | $18,276 | $9,138 |
| 4x4 | 16 | $1,523 | $24,368 | $12,184 |
| 4x6 | 20 | $1,523 | $30,460 | $15,230 |
| 4x8 | 32 | $1,523 | $48,736 | $24,368 |
| 10x15 | 150 | $1,523 | $228,450 | $114,225 |

RevoGen Biologics REVOLUTIONIZING BIOREGENERATION

INITIALS: JB ____________

MedEffects LLC

# Schedule A: Simplimax (Q4341) Q4 2025 Pricing

ASP: $3,524
Rounded: $3,524

Cost per 1 sq cm:
$1,762 (50% discount)

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 2x2 | 4 | $3,524 | $14,096 | $7,048 |
| 2x3 | 6 | $3,524 | $21,144 | $10,572 |
| 4x4 | 16 | $3,524 | $56,384 | $28,192 |
| 4x6 | 20 | $3,524 | $70,480 | $36,852 |
| 4x8 | 32 | $3,524 | $98,272 | $35,240 |
| 10x10 | 100 | $3,524 | $325,400 | $176,200 |
| 20x24 | 480 | $3,524 | $1,691,520 | $845,760 |

ALERCE BIOLOGIX™

INITIALS: ____________________

MED EFFECTS LLC

# Schedule A: Helicoll (Q4164) Q4 2025 Pricing

ASP: $1,640.93
Rounded: $1.640

Cost per 1 sq cm:
$820.50 (50% discount)

| Size | Units | Unit Price | List Price | Discounted Price (50%) |
|---|---|---|---|---|
| 1.27 cm diam disk | 1 | $1,640 | $1,640 | $820 |
| 2.54 cm diam disk | 5 | $1,640 | $8,200 | $4,100 |
| 2x4 | 8 | $1,640 | $13,120 | $6,560 |
| 3x4 | 12 | $1,640 | $19,680 | $9,840 |
| 4x4 | 16 | $1,640 | $26,240 | $13,120 |
| 5x5 | 25 | $1,640 | $41,000 | $20,500 |
| 5x10 | 50 | $1,640 | $82,000 | $41,000 |




INITIALS: JB

# MedEffects Qtr 4 2025 contract 50% pricing discount

Final Audit Report 2025-10-04

| | |
|---|---|
| Created: | 2025-10-03 |
| By: | Kevin Wood (drkevinwood@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAi38ivsM3eqXFPGmK91fsnJQA1qSuOHdh |

## "MedEffects Qtr 4  2025 contract 50% pricing discount" History

Document created by Kevin Wood (drkevinwood@gmail.com)
2025-10-03 - 9:09:03 AM GMT- IP address: 50.202.139.163

Document emailed to Joseph Barthelemy (josephneptune@yahoo.com) for signature
2025-10-03 - 9:09:08 AM GMT

Document emailed to Ken Peterson (ken@bluewaterbilling.com) for signature
2025-10-03 - 9:09:08 AM GMT

Email viewed by Ken Peterson (ken@bluewaterbilling.com)
2025-10-03 - 9:13:51 AM GMT- IP address: 3.226.89.76

Document e-signed by Ken Peterson (ken@bluewaterbilling.com)
Signature Date: 2025-10-03 - 9:18:27 AM GMT - Time Source: server- IP address: 107.5.144.223

Email viewed by Joseph Barthelemy (josephneptune@yahoo.com)
2025-10-03 - 8:10:30 PM GMT- IP address: 69.147.87.55

Email viewed by Joseph Barthelemy (josephneptune@yahoo.com)
2025-10-04 - 2:24:30 PM GMT- IP address: 209.73.183.19

Document e-signed by Joseph Barthelemy (josephneptune@yahoo.com)
Signature Date: 2025-10-04 - 2:36:57 PM GMT - Time Source: server- IP address: 67.233.173.11

Agreement completed.
2025-10-04 - 2:36:57 PM GMT

# Exhibit 2

**Med Effects, LLC**
4071 River Rd
East China, MI 48054 USA
8103351435
ken@medeffectsllc.com

# Statement

**TO**
Joseph Barthelemy
United Health Group and
Associates LLC
6001 Vineland Road
Suite 112
Orlando, Florida 32819
United States

**STATEMENT NO.** 1324
**DATE** 07/28/2026
**TOTAL DUE** $71,618.40
**ENCLOSED**

| DATE | DESCRIPTION | AMOUNT | OPEN AMOUNT | PAYMENT |
|---|---|---|---|---|
| 01/19/2026 | Invoice #1730: Due 03/05/2026. | 10,231.20 | 10,231.20 | View and pay |
| 01/26/2026 | Invoice #1731: Due 03/12/2026. | 10,231.20 | 10,231.20 | View and pay |
| 02/04/2026 | Invoice #1732: Due 03/21/2026. | 34,104.00 | 34,104.00 | View and pay |
| 02/16/2026 | Invoice #1733: Due 04/02/2026. | 17,052.00 | 17,052.00 | View and pay |

| Current Due | 1-30 Days Past Due | 31-60 Days Past Due | 61-90 Days Past Due | 90+ Days Past Due | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 71,618.40 | **$71,618.40** |

**Med Effects, LLC**
PO Box 42
Saint Clair, MI 48079-0042
USA
8103351435
ken@medeffectsllc.com

# INVOICE

**BILL TO**
Joseph Barthelemy
United Health Group and
Associates LLC
6001 Vineland Road
Suite 112
Orlando, Florida 32819
United States

**INVOICE #** 1730
**DATE** 01/19/2026
**DUE DATE** 03/05/2026
**TERMS** Net 45

**PMT METHOD**
Wire to ME 53 Checking

| SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| **Membrane Wrap Lite 6x8cm** | 6x8cm Joseph Bridle | 3 | 3,360.00 | 10,080.00 |
| **Late fee** | 1.5% - Applied on Mar 6, 2026 | | | 151.20 |

BALANCE DUE **$10,231.20**

## Ways to pay

BANK

View and pay

**Med Effects, LLC**
PO Box 42
Saint Clair, MI 48079-0042
USA
8103351435
ken@medeffectsllc.com

# INVOICE

**BILL TO**
Joseph Barthelemy
United Health Group and Associates LLC
6001 Vineland Road
Suite 112
Orlando, Florida 32819
United States

**INVOICE #** 1731
**DATE** 01/26/2026
**DUE DATE** 03/12/2026
**TERMS** Net 45

**PMT METHOD**
Wire to ME 53 Checking

| SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| **Membrane Wrap Lite 6x8cm** | 6x8cm | 3 | 3,360.00 | 10,080.00 |
| **Late fee** | 1.5% - Applied on Mar 13, 2026 | | | 151.20 |

BALANCE DUE **$10,231.20**

## Ways to pay

BANK

View and pay

**Med Effects, LLC**
PO Box 42
Saint Clair, MI 48079-0042
USA
8103351435
ken@medeffectsllc.com

# INVOICE

**BILL TO**
Joseph Barthelemy
United Health Group and
Associates LLC
6001 Vineland Road
Suite 112
Orlando, Florida 32819
United States

**INVOICE #** 1732
**DATE** 02/04/2026
**DUE DATE** 03/21/2026
**TERMS** Net 45

**PMT METHOD**
Wire to ME 53 Checking

| SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| **Membrane Wrap Lite 6x8cm** | 6x8cm | 10 | 3,360.00 | 33,600.00 |
| **Late fee** | 1.5% - Applied on Mar 22, 2026 | | | 504.00 |

BALANCE DUE **$34,104.00**

## Ways to pay

BANK

View and pay

**Med Effects, LLC**
PO Box 42
Saint Clair, MI 48079-0042
USA
8103351435
ken@medeffectsllc.com

# INVOICE

**BILL TO**
Joseph Barthelemy
United Health Group and Associates LLC
6001 Vineland Road
Suite 112
Orlando, Florida 32819
United States

**INVOICE #** 1733
**DATE** 02/16/2026
**DUE DATE** 04/02/2026
**TERMS** Net 45

**PMT METHOD**
Wire to ME 53 Checking

| SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| **Membrane Wrap Lite 6x8cm** | 6x8cm | 5 | 3,360.00 | 16,800.00 |
| **Late fee** | 1.5% - Applied on Apr 3, 2026 | | | 252.00 |

BALANCE DUE **$17,052.00**

## Ways to pay

BANK

View and pay

# Exhibit 3

# KUSTRA & BLOOM

Attorneys & Counselors | Barristers & Solicitors

**Steven J. Kustra**
Tel: 313-586-4444
skustra@kustrabloom.com

12 August 2026

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED & EMAIL

**United Health Group & Associates LLC**
Attn: Joseph Barthelemy
Attn: Elise Barthelemy
6001 Vineland Road, Suite 112
Orlando, Florida 32819

**elise@uhealthgroupassociates.com**
**admin@unitedhealthgroupassociates.com**
**josephneptune@yahoo.com**

**Re: Demand for Immediate Payment of Past-Due Account Owed to MedEffects, LLC**

Dear Mr. Barthelemy and Ms. Barthelemy:

This firm represents MedEffects, LLC ("MedEffects").

I have been retained by MedEffects to pursue collection and litigation regarding the substantial past-due balance owed by United Health Group & Associates LLC ("United Health") arising from United Health's purchase, acceptance, retention, and use of wound-care products supplied by MedEffects pursuant to the parties' written agreements, including the Master Sales & Pricing Agreement executed in October 2025, together with the related product orders, invoices, account statements, and subsequent transactions between the parties.

Under the parties' agreements, United Health agreed to pay for products supplied by MedEffects pursuant to the applicable invoice terms. The agreements further provide for interest on past-due balances at the rate of 1.5% per month, recovery of collection costs and legal expenses, and enforcement pursuant to Michigan

law. The agreement further provides that customers are responsible for products ordered, received, and accepted for use.

According to MedEffects' records, United Health ordered, received, accepted, and retained substantial quantities of wound-care products during the first quarter of 2026. MedEffects fully performed its obligations by supplying the products ordered by United Health. Despite acceptance and retention of those products, United Health has failed to remit payment for the invoices issued by MedEffects.

**Current Amount Due**

As reflected in MedEffects' records:

- Outstanding principal balance: **$71,618.40**;
- Accrued contractual interest through August 3, 2026: **$5,194.26**; and
- **Total Due: $76,812.66**.

The account statement further reflects that the entire outstanding principal balance is currently past due and that invoices became due between March 5, 2026 and April 2, 2026 and remain unpaid.

Pursuant to the parties' agreements, past-due balances continue to accrue interest at the contractual rate of 1.5% per month, together with all recoverable collection costs, attorneys' fees, court costs, and other expenses incurred in collecting the debt. Accordingly, the foregoing figures do not include additional interest and costs accruing after August 3, 2026, all of which MedEffects expressly reserves the right to recover.

**No Reimbursement Contingency**

For the avoidance of doubt, United Health's payment obligations are not contingent upon reimbursement by Medicare, Medicaid, commercial insurers, or any other third-party payer. MedEffects' position is that products ordered, shipped, delivered, accepted, retained, and utilized remain fully payable and that any pending appeal, audit, recoupment, reimbursement dispute, claim denial, or other payer action does not excuse payment of the outstanding balance.

**Final Opportunity to Resolve Without Litigation**

MedEffects prefers to resolve this matter without litigation. However, the account has remained delinquent despite prior collection efforts and opportunities to resolve the outstanding balance. As a result, MedEffects can no longer permit this matter to remain unresolved.

**RE: Demand for Immediate Payment of Past-Due Account Owed to MedEffects, LLC**

Accordingly, demand is hereby made that United Health Group & Associates LLC, no later than **12:00 p.m. Eastern Daylight Time on August 24, 2026**, either:

1. Remit payment in full of all amounts due, including accrued contractual interest and recoverable costs; or

2. Tender a substantial good-faith payment together with a written proposal providing for prompt resolution of the remaining balance acceptable to MedEffects.

If United Health fails to comply with this demand by the stated deadline, MedEffects has authorized this firm to commence legal proceedings immediately and without further notice.

**Litigation and Available Remedies**

If United Health fails to resolve this matter, MedEffects is prepared to commence litigation immediately to recover all amounts owed. MedEffects will pursue all available claims and remedies, including claims for: Breach of Contract; Account Stated; Open Account; Unjust Enrichment (to the extent applicable); and Recovery of Contractual Interest, Collection Costs, Attorneys' Fees, and Court Costs.

MedEffects further reserves the right to seek prejudgment and post-judgment interest, pursue discovery concerning United Health's assets, and utilize all available judgment-enforcement and collection remedies available under the parties' agreements and applicable law.

**Preservation of Evidence**

Because litigation is reasonably anticipated, United Health must preserve all documents, communications, electronically stored information, accounting records, invoices, purchase orders, delivery records, proof of payment, reimbursement records, billing records, and all other materials relating to MedEffects, the products supplied by MedEffects, the parties' business relationship, and the amounts owed by United Health.

United Health should take all reasonable steps to prevent the destruction, deletion, alteration, modification, overwriting, or loss of potentially relevant evidence. Failure to preserve relevant evidence may result in sanctions, adverse evidentiary inferences, or other remedies available under applicable law.

Nothing in this letter shall be construed as a waiver of any right, claim, remedy, cause of action, or recovery available to MedEffects, all of which are expressly reserved.

**RE: Demand for Immediate Payment of Past-Due Account Owed to MedEffects, LLC**

We trust that United Health Group & Associates LLC will give this matter its immediate attention.

Yours truly,

Steven J. Kustra

Steven J. Kustra, Esq.

CC: MedEffects LLC (email only)

# Exhibit 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MED EFFECTS, LLC, an Arizona Limited Liability Company,

Plaintiff,

Case No.

v.

Hon.

UNITED HEALTH GROUP AND ASSOCIATES LLC, a Florida Limited Liability Company,

Defendant.

---

**KUSTRA & BLOOM PLC**
Steven J. Kustra (P79002)
*Attorneys for Plaintiff*
21002 Mack Avenue
Grosse Pointe Woods, MI 48236
(313) 586-4444
skustra@kustrabloom.com

---

**AFFIDAVIT OF KEN PETERSON PURSUANT TO MCL 600.2145**

I, Ken Peterson, of lawful age and being duly sworn upon my oath, state that the facts stated herein are based upon my personal knowledge except where otherwise indicated and are true and correct.

1. I am competent and over the age of 18.

2. I have personal knowledge of the facts stated in this affidavit and, if called upon to do so, I could testify and would testify consistent with these facts.

3. I am the Manager and owner of Med Effects, LLC ("Med Effects").

4. I have worked in this capacity for over nine (9) years and am familiar with Med Effects' business operations and customer accounts.

5. In my capacity as Manager, I am a custodian of records for Med Effects and am familiar with the manner in which Med Effects creates, maintains, and stores its business and account records.

6. On or about October 4, 2025, Med Effects and United Health Group and Associates LLC ("United Health") entered into a Master Sales & Pricing Agreement for Quarter 4 2025 ("Agreement").

7. The Agreement provided that product-specific pricing would be set forth in Schedule A to the Agreement, updated quarterly, and United Health acknowledged the Quarter 4 2025 pricing by initialing each page of Schedule A.

8. The Agreement further provided that United Health could qualify for a discount of fifty percent (50%) of the List Price if it completed payment in full within the time stated in the Agreement, and required any discount to be properly disclosed on any claims or reports submitted to Medicare, Medicaid, or other payers as required by law.

9. The Agreement provides standard payment terms of net forty-five (45) days from the invoice date and provides that late payments accrue interest at the rate of one and one-half percent (1.5%) per month, or the maximum rate allowable by law.

10. The Agreement further provides that United Health is responsible for all reasonable collection fees and legal costs for past-due accounts.

11. Med Effects did not bill Medicare or any other payer on United Health's behalf and did not submit reimbursement claims for United Health.

12. At the request of United Health, Med Effects sold and delivered to United Health certain goods on open account and on United Health's promise to pay for them on multiple occasions between January 2026 and February 2026.

13. United Health accepted and retained the goods delivered by Med Effects and did not reject or return the goods.

14. Med Effects transmitted invoices and account statements to United Health reflecting the amounts due and owing. United Health received and retained those invoices and account statements and did not timely dispute the charges reflected therein or the amounts stated to be owing.

15. Over the course of this period, Med Effects sold and delivered to United Health products invoiced in the total amount of $71,618.40, reflected on Invoice Nos. 1730, 1731, 1732, and 1733, and United Health has not paid any portion of that amount.

16. As reflected in Med Effects' regularly maintained business records, United Health was indebted to Med Effects in the principal amount of $71,618.40 as of November 5, 2026, exclusive of contractual interest, attorneys' fees, collection expenses, costs, and other recoverable amounts.

17. The attached account statement is maintained by Med Effects in the ordinary course of business.

18. Despite repeated demands for payment, United Health has failed and refused to pay the outstanding balance due.

19. Attached hereto as Exhibit A is a true and accurate copy of Med Effects' account statement for United Health, Statement No. 1324 dated July 28, 2026. This record was made at or near the time of the events reflected therein by a person with knowledge, or from information transmitted by a person with knowledge. The record was kept in the course of Med Effects' regularly conducted business activities, and making and maintaining such records is a regular practice of Med Effects.

20. The attached account statement is a true and accurate copy of the account records maintained by Med Effects concerning United Health.

21. To the best of my knowledge and based upon Med Effects' business records, United Health has never disputed the delivery of the goods, the prices reflected on the invoices, or the balance shown on the attached account statement.

22. United Health retained the invoices and account statements without timely objection and, to the best of my knowledge and based upon Med Effects' business records, assented to the correctness of the account balance reflected therein.

23. The attached account statement fairly and accurately reflects the balance due and owing from United Health to Med Effects as of November 5 2026.

Further Affiant Sayeth Naught

Ken Peterson

STATE OF MICHIGAN )SS.
COUNTY OF St. Clair )

Sworn and subscribed before me by Ken Peterson on this 5th day of ~~October,~~ November 2026

ISABELLA SILOREY
Notary Public - State of Michigan
County of St Clair
My Commission Expires Sep 18, 2032
Acting in the County of St. Clair

NOTARY PUBLIC
Acting in St. Clair,
Michigan
My Commission Expires: